UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Associated Electric & Gas Insurance Services, et al.,

    Plaintiffs,

v.

BendTec, Inc.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil File No. 14-1602 (MJD/LIB)

---

    Michael C. McCarthy, Maslon, LLP, Counsel for Plaintiff Northeast Utilities Service Company.

    George M. Ferreti and Peter N. Billis, Foran Glennon Palandech Ponzi and Rudloff PC, and Chad Stepan and Darren Hepper, Meagher & Geer, PLLP, Counsel for Plaintiffs Associated Electric & Gas Insurance Services, Zurich American Insurance Company and Energy Insurance Mutual Limited.

    David A. Schooler, Daniel N. Moak and W. Knapp Fitzsimmons, Briggs and Morgan, P.A., Counsel for Defendant BendTec, Inc.

---

    This matter is before the Court on Defendant BendTec, Inc.'s ("BendTec")

motion for review of cost judgment.

**I.    Introduction**

Plaintiff Public Service Company of New Hampshire ("PSNH") is a subsidiary of Northeast Utilities ("NU"). (Compl. ¶ 4.) Plaintiff Northeast Utilities Service Company ("NUSCO") is a wholly-owned subsidiary of NU, and provides administrative support for NU subsidiaries, including PSNH. (Id.) Plaintiffs brought suit against BendTec, the company that fabricated the piping in a turbine used by PSNH (Compl. ¶ 15). Plaintiffs allege that BendTec had a duty of ordinary care consistent with industry standards and that BendTec breached said duty by failing to ensure that its piping was free of any foreign object debris. Plaintiffs claimed the foreign object debris caused damages valued at $30 million. (Compl. ¶ 27-31.)

This Court entered judgment in favor of BendTec on June 25, 2015 and Plaintiffs have filed their notices of appeal. BendTec submitted its bill of costs to the Clerk of Court on July 22, 2015 and Plaintiffs filed their objection to the bill of costs on August 4, 2015. (Doc. No. 70 & 71.)

The Clerk of Court entered a Cost Judgment on October 15, 2015 denying the taxation of costs by BendTec on the basis that fees for electronic discovery are not taxable by the Clerk. BendTec filed a motion for review of cost judgment on October 29, 2015.

BendTec seeks to recover $126,970.80 in costs incurred by creating and maintaining an electronic database to hold documents produced by Plaintiffs and collecting and securing its own documents. Following an objection from Plaintiffs, BendTec reduced this amount to $123,260.80.

BendTec asserts that Plaintiffs produced approximately 19 gigabytes of data from a prior related lawsuit and it retained Briggs Discovery Services and @Legal Discovery, LLC to create and maintain an electronic platform for these documents, so they could be processed and hosted in a viewable format. (Fessler Decl. ¶ 1-2.) The cost of this service was $90 per gigabyte per month. (Id.)

BendTec then hired Larson Security LLC to process and secure its own data in preparation for production to Plaintiffs in conjunction with the litigation. (Fessler Decl. ¶ 5-6.) This data totaled approximately 192 gigabytes and consisted of approximately 302,445 individual email communications and 247,241 additional documents that would have cost approximately $534,513.28 to print. (Id at ¶ 9, 11, 13.) This data was also hosted by Briggs Discovery Services and @Legal Discovery at the same $90 per gigabyte per month rate. (Id. at ¶ 7.)

**II.    Standard**

Federal Rule of Civil Procedure 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). These taxable costs are governed by 28 U.S.C § 1920. Within fourteen days after the Clerk taxes costs, a party may seek review of the Clerk's cost judgment with the district court. D. Minn. LR 54.3(c)(3)(A).

A district court's decision whether or not to award costs is reviewed under the abuse of discretion standard. Martin v. DaimlerChrysler Corp., 251 F.3d 691, 695 (8th Cir. 2001). "An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions." Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009) (quoting Lankford v. Sherman, 451 F.3d 496, 503–04 (8th Cir. 2006)).

**III.    Discussion**

"A prevailing party is presumptively entitled to recovery of all its costs." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007) (internal citations omitted). The losing party bears the burden of

4

overcoming that presumption by showing that a district court's action in awarding such costs constitutes an abuse of its discretion. Id.

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(4). BendTec claims the costs incurred by creating and maintaining an electronic database are taxable under §1920(4) because tools such as e-discovery platforms are required to maintain, review and manage electronic documents, without the risk of spoliation. (See Fessler Decl. ¶ 8.)

BendTec asserts that this Court has previously allowed the taxation of costs relating to the creation of a web-based electronic discovery system and the inventory, conversion and organization of that database, citing U.S. v. Petters, No. 08-5348 ADM/JSM, 2010 WL 3399175 (D. Minn. Aug. 26, 2010). Petters is inapposite, as the Court did not award such costs pursuant to 28 U.S.C. § 1920(4).

The Eighth Circuit has not yet addressed this issue, but a number of courts that have addressed whether costs associated with e-discovery are recoverable under § 1092 have found that such costs are recoverable only to the extent they qualify as exemplification fees or the costs of making copies.

In Race Tires America, Inc. v. Hoosier Racing Tire Corp., the district court awarded the prevailing party the costs for e-discovery on the basis that it "appeared to be the electronic equivalent of exemplification and copying." 674 F.3d 158 (3d Cir. 2012).  On appeal, the Third Circuit held that where e-discovery did not produce illustrative evidence or the authentication of public records, the costs for such discovery did not qualify as exemplification fees under § 1920(4) and is not recoverable.  Id. at 166.  As to whether such costs should be deemed the equivalent of "making copies" the court acknowledged that §1920(4) should be construed to include more than paper copies.  Id.  Thus, to the extent e-discovery costs represent the conversion of native files to TIFF, the scanning of documents to create digital duplicates, and the conversion of VHS recordings to DVD format, such costs are taxable under §1920(4).  Id. at 167.  As to costs associated with the collection and preservation of electronically stored information ("ESI"), processing and indexing ESI, and keyword searching of ESI for responsive and privileged documents, the court held that such costs are not recoverable under §1920(4).  Id. at 168.

> Neither the language of §1920(4) nor its history, suggests that Congress intended to shift all the expenses of a particular form of discovery – production of ESI – to the losing party.  Nor can such a result find support in Supreme Court precedent, which has accorded a narrow reading of the

> cost statute in other contexts. Although there may be strong policy reasons in general, or compelling equitable circumstances in a particular case, to award the full costs of electronic discovery to the prevailing party, the federal courts lack the authority to do so, either generally or in particular cases, under the cost statute.

Id. See also Hecker v. Deere & Co., 556 F.3d 575, 591 (7th Cir. 2009) (finding that costs associated with converting computer data into a readable format are recoverable under § 1920(4)); BDT Prods. V. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005) (finding that electronic scanning and imaging could be interpreted as exemplification and copies of paper).

Courts within the Eighth Circuit have found the reasoning in Race Tires persuasive, and have thus held that "scanning documents and converting computer data into readable format constitute copying within the meaning of section 1920(4)," but that "costs associated with storing ESI are not recoverable." Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC, 08-0840-CV-W-ODS, 2013 WL 1155245 at *1 (W.D. Mo. Mar. 20, 2013); see also Jo Ann Howard & Assoc., P.C. v. J. Douglas Cassity et al., 4:09CV01252 ERW, 2015 WL 7422199, *7 (E.D. Mo. Nov. 20, 2015) (construing the term "making copies" as used in §1920(4) to include the costs of scanning, TIFF conversions, the imaging of computer storage drives, the transfer of files from one drive or disc to another,

the production of load files and the extraction or imaging of metadata where required to provide a complete copy of a file if request by the other party, but not Bates labeling); Trip Mate, Inc. v. Stonebridge Cas. Ins. Co., Nos. 10-0793-CV-W-ODS, 11-1097-CV-W-ODS, 2013 WL 3336631, at*1 (W.D. Mo. Jul. 2, 2013) (finding that scanning documents and converting computer data into readable format constitute copying under § 1920(4)).

This Court also finds the Race Tire decision persuasive and holds that the costs of creating and maintaining an electronic platform for e-discovery are not recoverable under § 1920(4). Accordingly, BendTec's motion for the recovery of costs for the creation and management of an e-discovery platform must be denied.

IT IS HEREBY ORDERED that BendTec, Inc.'s Motion for Review of Taxation of Costs [Doc. No. 77] is DENIED.

Date: February 24, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court